JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED
DISTRICT COURT

2019 FEB 28  P 12: 52

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH DAVID BRINTON,<br><br>Defendant. | **INDICTMENT**<br><br>Vio. 18 U.S.C. § 157(2), Bankruptcy Fraud (Count 1); 18 U.S.C. § 1519, False Bankruptcy Document (Counts 2-3); Fraudulent Transfer and Concealment, 18 U.S.C. § 152(7) (Count 4);18 U.S.C. § 1028A, Aggravated Identity Theft (Count 5); False Bankruptcy Oath, 18 U.S.C. § 152(2) (Count 6); and 18 U.S.C. § 2, Aiding and Abetting |

The Grand Jury charges:

The Bankruptcy Process

1.      A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2.      Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities,

Case: 2:19-cr-00080
Assigned To : Shelby, Robert
Assign. Date : 2/28/2019
Description: USA v.

income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The filing of a bankruptcy petition with the United States Bankruptcy Court automatically stays the collection activities of creditors, including the foreclosure sale of a residence. Only after a creditor obtains relief from automatic stay from the bankruptcy court can a creditor continue its collection actions against a debtor, including the foreclosure sale of a residence.

4. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." The debtor is also required to file a form called a Statement of Social Security containing the debtor's Social Security Number. These forms are signed by the debtor under penalty of perjury.

5. The filing of a Chapter 13 petition with the United States Bankruptcy Court provides individual debtors with regular income to reorganize and repay their debts under a repayment plan approved by the Court ("a Chapter 13 Plan"). Upon the filing of a Chapter 13 bankruptcy petition, a Chapter 13 Trustee is appointed to administer the bankruptcy case until the Chapter 13 Plan is completed or the bankruptcy dismissed or converted to a Chapter 7 case. A debtor is only eligible to file a Chapter 13 petition if the debtor's unsecured debt is less than

$393,175 and secured debt is less than $1,149,525.

6.  All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

## Background

7.  On or about November 14, 2006, the defendant purchased a home at 7762 South Forest Bend Drive ("Forest Bend Property"), Salt Lake City, Utah. As part of the purchase, the defendant signed a promissory note in the amount of $1,500,000 secured by a Deed of Trust on the Forest Bend Property originally in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A. The Note and beneficial interest in the Deed of Trust were subsequently transferred to HSBC Bank. Specialized Loan Servicing LLC ("SLS") is the servicing agent for HSBC Bank.

8.  The defendant defaulted under the terms of the promissory note by failing to make his monthly payment due on February 1, 2008 and any subsequent payment.

9.  Because of the default, on November 7, 2014, SLS scheduled a foreclosure sale of the Forest Bend Property for December 8, 2014.

### Brinton I Bankruptcy Case

10. On December 5, 2014, the defendant filed a pro se Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 14-32784, to avoid the immediate foreclosure of his home (the "Brinton I Bankruptcy Case"). Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale.

11. On February 12, 2015, SLS, as servicing agent for HSBC, filed a proof of claim in the defendant's chapter 13 case for at least $2,000,000 with an arrearage of at least $700,000. The defendant did not object to this claim.

12. On March 17, 2015, in response to a motion to dismiss his case, the defendant filed an objection stating "I found out I needed to be under Chapter 11 and not a 13 because of the debt amount. So the facts that are raised to dismiss were raised at the 341 meeting on February 17."

13. On April 4, 2015, in response to a motion for relief from the automatic stay, defendant filed an objection stating that he "does not dispute that there is a debt obligation owed to someone" but that he disputes that "the obligation" is owed to SLS.

14. On July 7, 2015, the defendant requested at a hearing before the bankruptcy court that his Chapter 13 case be dismissed. His case was dismissed on July 13, 2015.

Brinton II Bankruptcy Case

15. On August 9, 2016, SLS scheduled a foreclosure sale of the Forest Bend Property for September 9, 2016.

16. On September 8, 2016, the defendant filed a pro se Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 16-27945, to avoid the immediate foreclosure of his home (the "Brinton II Bankruptcy Case"). Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale.

17. On September 22, 2016, the defendant filed his Schedules of Assets and Liabilities under penalty of perjury stating he had secured debt of more than $2,000,000 to SLS.

18. On February 1, 2017, the Court after notice and hearing, converted the

4

defendant's case to a case under Chapter 7.

19. On February 15, 2017, SLS, as servicing agent for HSBC, obtain relief from the automatic stay to foreclose the Forest Bend Property.

20. On March 8, 2017, SLS scheduled a foreclosure sale for the Forest Bend Property for April 10, 2017.

21. On April 6, 2017, the defendant filed a civil complaint in the Third District Court for the State of Utah, *Ralph D. Brinton v. Specialized Loan Servicing, LLC, et.at*, Case No. 170902244, ("State Court Case"), and obtained a temporary restraining order, stopping the foreclosure sale of the Forest Bend Property. On April 21, 2017, the state court dissolved the temporary restraining order.

22. The foreclosure sale of the Forest Bend Property was subsequently rescheduled for April 24, 2017.

Quit Claim Deed

23. Sometime prior to April 23, 2017, defendant Brinton met with his friend, R.G.B., stating to R.G.B. he wanted to transfer the Forest Bend property to him by Quit Claim Deed if R.G.B. would make the mortgage payments because he could no longer make the mortgage payments.

24. Defendant Brinton falsely represented to R.G.B that the mortgage company would require his financial information and Social Security Number in order for him to take over the mortgage payments on the Forest Bend property. In response, R.G.B. provided his financial information and Social Security Number.

25. On or about April 24, 2017, defendant Brinton caused to be recorded a Quit Claim

5

Deed in the Salt Lake County Recorder's Office, transferring the Forest Bend property to himself and R.G.B. as tenants in common for no consideration. R.G.B. was unaware the defendant had executed or recorded the Quit Claim Deed.

R.G.B. Bankruptcy Case.

26. On April 24, 2017, defendant Brinton filed a pro se Chapter 13 petition in the name of R.G.B. in the United States Bankruptcy Court for the District of Utah, Case No. 17-XXX52, to postpone the foreclosure sale (the "R.G.B. Bankruptcy Case").

27. On that same date, defendant Brinton fraudulently filed, among other things, in the R.G.B. Bankruptcy Case, Statement of Financial Affairs, Schedules of Assets and Liabilities and Statement of Social Security Number.

28. The Statement of Financial Affairs and Schedules of Assets and Liabilities contained, in part, the financial information R.G.B. had provided to defendant Brinton. The Statement of Social Security Number contained the Social Security Number of R.G.B.

29. At no time did R.G.B authorize or give permission to defendant Brinton to file in R.G.B.'s name a bankruptcy Petition, Statement of Financial Affairs, Schedules of Assets and Liabilities or Statement of Social Security Number.

*The Scheme to Defraud*

30. Beginning on or before September 2016 and continuing through May 2017, defendant Brinton, devised, intended to devise, and participated in a scheme to defraud the bankruptcy court, the bankruptcy trustee and his creditors through bankruptcy proceedings under 11, United States Code.

6

Brinton II Bankruptcy Case.

31. It was part of the scheme that defendant filed, or caused others to file, on or about September 8, 2016, a pro se Chapter 13 petition in the Brinton II Bankruptcy Case for the purpose of invoking the automatic stay and thereby hindering, delaying and obstructing the lawful foreclosure by the mortgage holder of his residence, knowing he was not eligible to file a Chapter 13 petition.

32. After the restraining order in the State Court Case was dissolved, it was part of the scheme that the defendant would transfer by Quit Claim Deed his interest in the Forest Bend property to himself and R.G.B. as tenants in common for no consideration without the even though knowledge of R.G.B.

R.G.B. Bankruptcy Case

33. It was further part of the scheme that defendant Brinton would falsely represent to R.G.B. that the mortgage company required R.G.B.'s financial information and Social Security Number in order for him to take over the mortgage payments on the Forest Bend property.

34. It was further part of the scheme that defendant Brinton would fraudulently file, without the authority or permission of R.G.B., a Chapter 13 petition in R.G.B.'s name in the R.G.B. Bankruptcy Case for the purpose of invoking the automatic stay and thereby hindering, delaying and obstructing the lawful foreclosure by the mortgage holder of the defendant's home.

35. It was further part of the scheme that the defendant would fraudulently file, without the authority or permission of R.G.B, a Statement of Financial Affairs, Schedules of Assets and Liabilities, and Statement of Social Security Number in the United States Bankruptcy for the District of Utah.

36. It was further part of the scheme that the defendant would, after the filing of the Brinton II Bankruptcy Case, falsely testify under oath at his continued first meeting of creditors in Case No. 16-27945, that R.G.B. had agreed to file a Chapter 13 case to stop the foreclosure of the Forest Bend property.

## COUNT 1
## 18 U.S.C. § 157
## (Bankruptcy Fraud)

37. The grand jury incorporates by reference paragraphs 1 through 36 as if fully stated herein.

38. On or before September 2016, and continuing through May 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed in the United States Bankruptcy Court a fraudulent Chapter 13 petition under Title 11 in the Brinton II Bankruptcy Case, Case Number 16-27945; all in violation of 18 U.S.C. §§ 157(1) and 2.

## COUNT 2
## 18 U.S.C. § 157
## (Bankruptcy Fraud)

39. The grand jury incorporates by reference paragraphs 1 through 38 as if fully stated herein.

40. On or before April 2017, and continuing through June 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed the following fraudulent documents in the United States Bankruptcy Court a:

- Chapter 13 petition, Statement of Financial Affairs, Schedule of Assets and Liabilities and Statement of Social Security under Title 11 in the R.G.B. Bankruptcy Case, Case Number 17-XXX52.

All in violation of 18 U.S.C. §§ 157(2) and 2.

## COUNT 3
## 18 U.S.C. § 1519
### (False Bankruptcy Document)

41. The grand jury incorporates by reference paragraphs 1 through 40 as if fully stated herein.

42. On or about September 22, 2016, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, knowingly falsified a document with the intent to impede, obstruct and influence a case filed under Title 11, by causing to be filed a pro se Chapter 13 petition in the *Brinton II Bankruptcy Case* in which the defendant fraudulently stated his estimated total liabilities were not more than $500,000 but less than $1,000,000, when in truth and fact, the defendant knew his total liabilities were more than $1,000,000; all in violation of 18 U.S.C. § 1519.

9

## COUNT 4
## 18 U.S.C. § 1519
## (False Bankruptcy Document)

43. The grand jury incorporates by reference paragraphs 1 through 42 as if fully stated herein.

44. On or about April 24, 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, knowingly falsified documents with the intent to impede, obstruct and influence a case filed under Title 11 by causing to be filed in the R.G.B Bankruptcy Case, Case Number 17-XXX52, the following documents:

    (i)     Chapter 13 petition;

    (ii)    Statement of Financial Affairs;

    (iii)   Schedule of Assets and Liabilities; and

    (iv)   Statement of Social Security Number.

All in violation of 18 U.S.C. §§ 1519 and 2.

## COUNT 5
## 18 U.S.C. § 152(7)
## (Fraudulent Transfer and Concealment)

45. The grand jury incorporates by reference paragraphs 1 through 44 as if fully stated herein.

46. On or about April 24, 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, with the intent to defeat the provisions of Title 11, United States Code, did

knowingly and fraudulently transfer and conceal by transferring a tenant in common interest in the Forest Bend property by Quit Claim Deed to R.G.B.; all in violation of 18 U.S.C. § 152(7).

## COUNT 6
## 18 U.S.C. § 1028A(a)(1)
## (Aggravated Identity Theft)

47. The grand jury incorporates by reference paragraphs 1 through 46 as if fully stated herein.

48. On or about April 24, 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: bankruptcy fraud and false bankruptcy documents, knowing that the means of identification belonged to another actual person; all in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT 7
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

49. The grand jury incorporates by reference paragraphs 1 through 48 as if fully stated herein.

50. On or about May 4, 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, Case No. 16-29472, by falsely testifying under oath in a proceeding before the case trustee at a continued first meeting of creditors as underscored below:

11

Ralph Brinton: Then I filed a – another bankruptcy case with a friend of mine, and put the property in tenants in common.

\* \* \* \* \* \*

Ms. Hunt: And Mr. Blum filed a Chapter 13?

Ralph Brinton: <u>13.</u>

Trustee: What – you transferred an interest in the property to Mr. Blum. What did he give you in consideration?

Ralph Brinton: Nothing.

Ms. Hunt: Is this the 13 filed in this -- in the District of Utah?

Ralph Brinton: Yes.

Ms. Hunt: And what's – so you gave him a half interest in this house that you claim is worth $980,000, and he gave you nothing for that?

Ralph Brinton: That's correct.

Ms. Hunt: Why, why did he do that?

Ralph Brinton: I was trying to stop the foreclosure.

Ms. Hunt: Why did – okay. Why did he agree to do that?

Brinton: <u>I asked him and he said he'd do it</u>.

Defendant made the foregoing false declaration knowing full well that R.G.B. had not agreed to

/

/

/

/

12

file his own personal Chapter 13 bankruptcy case.

All in violation of 18 U.S.C. § 152(2).

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney