JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 · Salt Lake City, Utah 84111
Telephone: (801) 325-3285 · Facsimile: (801) 325-3387

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, Vs. RALPH DAVID BRINTON, Defendant. | NOTICE OF EXPERT WITNESS Case No. 19-cr-00080-RJS Chief Judge Robert J. Shelby |

In compliance with the government's obligations under Federal Rule of Criminal Procedure 16(a)(1)(E), to provide notice and a summary of the testimony of an expert witness whom the government currently intends to use during its case-in-chief at trial[1], please be advised of the following witness, her qualifications and her anticipated testimony:

**Tami Gadd-Willardson**

    **A.**    **Qualifications (Fed. R. Evid. 702):** Ms. Gadd-Willardson's qualifications as an attorney for the Chapter 13 Trustee in bankruptcy are set forth in detail in the resume attached to

---

[1] With respect to the contemplated testimony of the summary witness, the government is not representing that she will be called as an expert or that she will be offering expert testimony as defined by Fed. R. Evid. 702 and 703. Out of an abundance of caution, however, and to provide defense counsel with advance notice of the scope of her anticipated testimony, the government is providing the same type of notice and summary with respect to this witness as is provided for expert witnesses.

this Notice. Ms. Gadd-Willardson is an attorney who has practiced in the area of bankruptcy since 2011. For the past 7 and 1/2 years, she has been an attorney for the Chapter 13 Trustee in the District of Utah, and has assisted with the administration of over 20,000 of Chapter 13 cases. Ms. Gadd-Willardson's practice has consisted of representing the standing chapter 13 trustee. Although the government expects that Ms. Gadd-Willardson's testimony will primarily be that of a percipient witness (i.e., what she, as an attorney involved in bankruptcy law and as an attorney for the trustee, knows) some of her testimony may, arguably, fall within the ambit of Rules 702-703 of the Federal Rules of Evidence. Accordingly, the government is providing a summary of that testimony.

      **B.**      **Opinion Testimony (Fed R. Evid. 704):** Ms. Gadd-Willardson is expected to testify, among other things, as follows:

      **1.**      Explain the terms that are frequently used in reference to a bankruptcy filing, such as a debtor, a creditor, an asset, a liability, an estate, an automatic stay, a trustee, a chapter 13 trustee and the satisfaction or discharge of debt.

It is anticipated that Ms. Gadd-Willardson will explain that the filing of a chapter 13 bankruptcy petition results in an "automatic stay", and what the implications of that means, i.e., it prevents creditors from pursuing the debtor for any outstanding debts or foreclosing on the debtor's assets without first obtaining relief from the bankruptcy court. Ms. Gadd-Willardson is expected to explain the eligibility requirements for a chapter 13 case, the property of a chapter 13 estate and that successful completion of a chapter 13 case by an individual debtor results in the discharge of his or her dischargeable debts.

      **2.**      She will further explain the various bankruptcy chapters and the differences between the chapters. She will also identify and explain the bankruptcy documents which a debtor must file in a chapter 13 case - the petition, statement of social security number, schedules of assets and liabilities, statement of financial affairs, list of creditors and chapter 13 plan - and that the debtor must sign each of those documents under penalty of perjury. Ms. Gadd-Willardson will explain how a chapter 13 trustee uses the information the debtor provides on each of these documents to administer the chapter 13 case. Ms. Gadd-Willardson will explain the practices and procedures in this district about the standards for confirmation of a plan and what it means to the trustee, creditors and debtors when a plan is confirmed.

Ms. Gadd-Willardson is further expected to explain various schedules the debtor is required to file in a bankruptcy and what the terminology on those schedules mean. Specifically, Ms. Gadd-Willardson is expected to explain what information the debtor is required to provide on Schedule A (Real Property), Schedule B (Personal Property), Schedule D (Secured claims), Schedule E (Unsecured Priority Claims), Schedule F (Unsecured priority claims). She will

further explain what information the debtor is required to provide on Schedule I - Current Income and Schedule J - Current Expenditures.

Ms. Gadd-Willardson is also expected to testify about filing "amendments" and how a debtor can make changes to the information contained in the debtor's petition, schedules, statement of financial affairs and chapter 13 plan. The government expects Ms. Gadd-Willardson to explain what impact the filing of amendments has on the administration of the bankruptcy case.

It is expected that Ms. Gadd-Willardson will further identify the statement of financial affairs, which is another document that must be filed by the debtor in a bankruptcy case.  Ms. Gadd-Willardson is anticipated to refer specifically to the petition, and explain why a debtor's failure to provide a truthful and complete answers on the petition harms creditors. Specifically, it is anticipated that Ms. Gadd-Willardson will explain the implications of executing the perjury statement in the petition and of the filing of a truthful petition.

Ms. Gadd-Willardson will also explain how she, as an attorney for the chapter 13 trustee, uses the information the debtor provides on the petition, statements and schedules and chapter 13 plan to determine whether the debtor has satisfied the (1) eligibility requirements for a chapter 13 case, (2) debtor filed the case in good faith, (3) chapter 13 plan satisfies the best-interest-of-creditors and disposable income tests and (4) chapter 13 plan is feasible.   She will further explain that if a debtor cannot satisfy these requirements, the debtor's case is subject to a motion to dismiss or covert to a chapter 7 case.

   3.     **Explain the disclosure obligations of a debtor and the proper duties of a trustee.**

It is anticipated that Ms. Gadd-Willardson will testify how false statements or omissions on the bankruptcy statements and schedules harm the bankruptcy system as a whole. It is expected that Ms. Gadd-Willardson will explain that the quid pro quo of allowing debtors to file for chapter 13 bankruptcy and to restructure their debts, is that debtors must act in good faith, be truthful and provide complete and accurate information on their bankruptcy filings. Ms. Gadd-Willardson is expected to explain that failure to do so undermines the bankruptcy system. The government expects that Ms. Gadd-Willardson will also explain that the chapter 13 trustee and the bankruptcy court expect to rely on the accuracy of the information provided by the debtor because the schedules and statement of financial affairs are signed by the debtor under penalty of perjury and those documents are filed in federal court.    It is anticipated that Ms. Gadd-Willardson will explain that in order for the bankruptcy system to function, it must rely on the debtor to be completely truthful about all of his financial affairs, assets and liabilities.

Ms. Gadd-Willardson is expected to explain the duties of a trustee in a chapter 13, which in part are investigating the financial affairs of the debtor to determine whether the plan has been proposed in good faith, is feasible and satisfies the best-interests-of creditors test and the disposable income test; appear and be heard concerning valuation of collateral, allowance of claims and confirmation of the plan; advise and assist the debtor in performance under the plan; and collect money from the debtor for distribution to creditors under the terms of a confirmed plan.

Based upon her experience as an attorney for the chapter 13 trustee, Ms. Gadd-Willardson is also expected to explain what the chapter 13 trustee would have done if the defendant had properly disclosed that the obligations against his real property and the value of his real property exceeded the debt and property limits for a chapter 13 case.  The government anticipates that Ms. Gadd-Willardson will explain, in her opinion, what impact that would have had on the administration of the defendant's bankruptcy case.

C. **Bases and Reasons in Support of Ms. Willardson's Opinion Testimony (Fed R. Evid. 703 & 705):**

The basis of Ms. Gadd-Willardson's opinions will be her review of all of the defendant's bankruptcy documents in each of the defendant's chapter 13 cases, including the petition, supporting schedules and statement of financial affairs, and schedules, chapter 13 plan and the Defendant's objections and responses filed in Cases No. 14-32784 and 16-27945. The reasons for Ms. Gadd-Willardson's opinion will be her knowledge of the duties of a chapter 13 trustee and a debtor in a chapter 13 proceeding, her review of the defendant's bankruptcy petitions and supporting schedules and statements of financial affairs, and chapter 13 plans, and the Defendant's objections and responses in Cases No. 14-32784 and 16-27945, premised upon her extensive experience and training as an attorney for the chapter 13 bankruptcy trustee.

Dated this 7th day of May 2019.

        John W. Huber
        United States Attorney


        s/ Peter J. Kuhn
        Special Assistant U.S. Attorney

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I hereby certify that, on May 7, 2019, I caused a true and correct copy of the foregoing **NOTICE OF EXPERT WITNESS** to be electronically filed with the United States District Court for the District of Utah using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, as noted below:

Cy H. Castle    cy.castle@usdoj.gov, CaseView.ECF@usdoj.gov, glen.proctor@usdoj.gov, heather.nielson@usdoj.gov, jessie.chelsea@usdoj.gov, Joni.Burrows@usdoj.gov, Travis.Elder@usdoj.gov

Peter J. Kuhn    peter.j.kuhn@usdoj.gov, CaseView.ECF@usdoj.gov, Lindsey.Huston@usdoj.gov, USTPRegion19.SK.ECF@usdoj.gov

Stephen G. Homer    sghomerlaw@gmail.com

                                                          s/Peter J. Kuhn

# TAMI GADD-WILLARDSON

1491 East Sandpiper Way #333; Holladay UT 84117
(801) 410-2716 · tamigadd@gmail.com

**BANKRUPTCY EXPERIENCE:**
**Chapter 13 Trustee for the District of Utah, Lon A. Jenkins**
*Senior Staff Attorney*                                                                                         June 2013 – Present
- Analyze developments in case law, bankruptcy forms, and rules.  Provide legal counsel to the Trustee regarding incorporating changes into current case administration. Establish written internal procedures.  Communicate changes to bankruptcy bar as needed.
- Directly supervise three paralegals in legal department monitoring workload, reviewing responses to legal motions and objections to confirmation.  Provide counsel to two staff attorneys on legal arguments and case administration.
- Serve on the executive committee to resolve personnel issues and maintain operational efficiency within the Trustee's office.
- Assist with forensic investigation on misdisbursements and other audit errors when requested.
- Address concerns regarding procedural practice deficiencies within consumer bankruptcy bar that burden the Court and the Trustee's Office and determine appropriate corrective action.
- Aided with transition from former Trustee (Kevin R. Anderson) to current Trustee

*Staff Attorney*                                                                                                  September 2011 – June 2013
- Conduct meetings of creditors on behalf of the Trustee.  Review case files and perform legal analysis of issues prior to meetings of creditors.   Assist staff in preparing cases for meetings of creditors, advising whether an issue needs further investigation and questioning at the meeting.
- Represent the Trustee in bankruptcy court at hearings related to plan confirmation, legal motions and contested evidentiary matters.
- Advise parties in interest of status of cases and legal issues, including plan feasibility review.
- Research contested matters of law.  Draft memorandums of law in support of Trustee's position.  Resolve matters though compromise or contested evidentiary hearings at bankruptcy court.
- Research debtor's financial affairs to determine if further investigation is warranted.   Conduct Rule 2004 Examinations on debtors and non-debtors, including issuing *subpoena duces tecum*.

**United States Bankruptcy Court, District of Utah**
*Judicial Law Clerk for Chief Judge William T. Thurman*                         August 2009 – August 2011
- Assisted with drafting bench rulings, orders and opinions.
- Researched bankruptcy, federal and state law issues raised in motion practice and trials.
- Reviewed and summarized daily caseload for calendared hearings.
- Communicated with attorneys and *pro se* parties regarding calendared matters.
- Supervised and trained law student interns.

**Chapter 13 Trustee for the District of Nevada, Kathleen Leavitt**
*Case Administrator*                                                                                           July 2004 – July 2006
- Performed post confirmation audit after claims bar date to determine if filed claims matched confirmation order.  Advised debtor's counsel of discrepancies.
- Feasibility review during both report of claims audit and at 30 month audit.  Sent letters and filed motions to dismiss if cases were not feasible.
- Input orders, including relief from stay and objections to claims and modified case payouts.

***Delinquency Auditor***                                                                                     September 2003 – July 2004
- Performed monthly report to identify delinquent cases and mailed out notices of delinquency.
- Answered questions from debtors and attorneys on delinquency, including payment receipt analysis.  Negotiated out of court deadlines to cure delinquent amounts.
- Requested dismissal of cases in which delinquency was not cured or plan not modified.

**United States Bankruptcy Court, District of Utah**
***Deputy Clerk***                                                                                     January 2002 – September 2003
- Reviewed pleadings for compliance with court requirements. Entered new cases and claims into the electronic court-filing system.  Collected fees on pleadings and new cases.
- Provided procedural information to public on filing cases and documents.

**Chapter 13 Trustee for the District of Utah, Paul James Toscano**
***Receptionist/Clerk***                                                                                     December 1996 – August 2000
- Docketed mail and court pleadings, posted plan payments, maintained office files and answered questions from debtors and creditors or transferred calls to appropriate staff member.
- Assisted with delinquency auditor duties, including preparation of delinquency notices and answering questions from debtors on missed payments.

**EDUCATION**
**William S. Boyd School of Law, University of Nevada, Las Vegas**
May 2009
Juris Doctor
Class Rank: Top 5% (6 of 136); *magna cum laude*

**University of Utah**
August 2001
B.S., Sociology

**PRESENTATIONS**
American Bankruptcy Institute: Rocky Mountain Consumer Bankruptcy Conference
*My Cousin Vinny: Evidence and Trial Skills in Consumer Bankruptcy Cases* (Panelist January 2019)
*Practicing with the New Chapter 13 Form and Rules* (Panelist January 2018)
*Means Testing and Post Petition Income Sources* (Panelist) (January 2017)
*Nothing in this Life is Certain Except Death, Taxes, and Student Loan Debt* (Panelist) (January 2016)
*Home Issues: Mortgages and Rule 3002 Update* (Panelist)(January 2015).
*Changing Landscape of Mortgage Industry and Ethical Implications* (Panelist)(January 2014).

National Association of Chapter 13 Trustee's Annual Seminar, *Representing the Trustee in Litigation* (Moderator with Honorable Michael B. Kaplan and Henry E. Hildebrand III)(July 2015).

Utah Bankruptcy Lawyers Forum
*Supreme Court Update* (Presenter with Kevin R. Anderson)(June 2015).
*Small Businesses in Bankruptcy* (Panelist; Chapter 13 Business Cases portion)(June 2014)

Utah Bankruptcy Section, *Chapter 13 Procedures and Update* (Panelist; Update to Statement of Current Monthly Income Forms and Feasibility portions)(February 2015).

Chapter 13 Trustee Brown Bag Luncheon

*Chapter 13 Practitioners' Luncheon* (Panelist; Tax Refund Contributions portion)(March 2016)

*Chapter 13 Practitioners' Luncheon* (Panelist; Reasonable Inquiry by Attorneys Before Filing Bankruptcy Papers portion)(March 2014).

**ASSOCIATIONS**

Utah Bankruptcy Lawyers Forum

Board Member  2013 – 2017

President         2017-Present