```
STEPHEN G HOMER (01536)
Attorney at Law
2877 West 9150 South
West Jordan, Utah  84088
Telephone (801) 569-2409
e-mail  sghomerlaw@gmail.com
Attorney for Defendant RALPH DAVID BRINTON
```

   IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
----------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | DEFENDANT'S |
| Plaintiff | ) | MOTION IN LIMINE |
| | ) | ["EXPERT WITNESSES" FOR "LAW"] |
| vs | ) | AND OTHER ISSUES AND |
| | ) | SUPPORTING MEMORANDUM |
| RALPH DAVID BRINTON, | ) | Case No. 2:19-cr-00080-HCN |
| | ) | |
| Defendant | ) | Assigned to Judge Nielson |

----------------------------------------------------------------

Defendant RALPH DAVID BRINTON, by and through his undersigned counsel-of-record, respectfully moves the Court to enter an Order limiting and restricting the testimonial and documentary evidence of/from:

1. Proposed "expert witnesses"---identified but not judicially-established---Ms Margaret Hunt and Ms Tammi Gadd-Willardsen--- as such expected testimony and/or evidence may be as to matters of "law" (i.e. statutory requirements of action or forbearance, under the Bankruptcy Act, Title 11 of the United States Code, rules and regulations thereunder), and their "opinion" thereof.

2.  Expected testimony of such witnesses as to the perceived compliance---by the Defendant RALPH DAVID BRINTON---with such statutory or other requirements, including "opinion" evidence as to the Defendant's apparent "guilt" as to any violations of such requirements.

3. Anticipated/Expected testimony (and perhaps even documents) as to facts or events that Defendant BRINTON was previously informed he was statutorily "ineligible" to file for "Chapter 13" relief under the Bankruptcy Act. In fact and in law, he was ELIGIBLE to so file, mistaken misrepresentations to him and even his innocent mistakes and misrecollections to the contrary.

The Court---and only the Court---is, for purposes of the upcoming jury trial and the issues therein, the singular, exclusive source of any pronouncement of "law" (i.e. the provisions of the federal Bankruptcy Act, its requirements and processes thereunder), which is seemingly the basis for which the thus-identified "expert witnesses" are proposed to testify.

This "motion in limine" is intended to restrict testimony related to "law" matters and/or their "opinion" thereon. The testimony as to "factual" matters observed and/or known by the two women in their extensive involvement as "trustees" for Defendant BRINTON in previous bankruptcy "cases" should not necessarily be precluded by the "motion in limine".

The factual and legal basis for this "motion in limine" is more fully described in the accompanying DEFENDANT'S MEMORANDUM OF LAW FOR MOTION IN LIMINE ["EXPERT WITNESSES" FOR "LAW" MATTERS], which is included within this filed document (as seemingly directed by the Court's 15 July 2019 order.

DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF "MOTION IN LIMINE"
["EXPERT WITNESSES" AS TO "LAW" MATTERS]

BACKGROUND

Months ago the federal prosecutors filed separate paperwork indicating their intention to call and seek to have declared "expert witnesses" two individuals---Ms Margaret "Peggy" Hunt and Ms Tammi Willardsen---to testify concerning various features of "bankruptcy law" (undersigned's terminology). The prosecutors' filed writings "speak for themselves". In the opinion of the undersigned, it is obvious from the statements made therein that the proposed "expert witnesses" will improperly provide testimonial, and perhaps even documentary, "evidence" concerning "matters of law": namely, the "legal" requirements of the Bankruptcy Act and its processes and expectations.

Such testimony and evidence is patently improper. The Court---and only the Court---is the exclusive source as to matters of "law". Notwithstanding the identified "experts'" extensive experience and professional training, their expected testimony is nevertheless improper and inadmissible per se.

ARGUMENT

I

"EXPERT WITNESS OPINION EVIDENCE"
AS TO MATTERS OF "LAW"
IS INAPPROPRIATE

Rule 702 of the Federal Rules of Evidence, entitled Testimony of Expert Witnesses, provides:

> A witness who is **qualified as an expert** by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or **to determine <u>a fact</u> in issue;**
> >
> > (b) the testimony is based on sufficient

>       facts or data;
>
>       (c) the testimony is the product of reliable principles and methods; and
>       (d) the expert has reliably applied the principles and methods to the facts of the case.

Emphasis added.

By a strict reading of the Rule itself, the claimed "expert witnesses" will not be giving their opinions as to "facts", but rather issues of "law" and the application to this case, including Defendant's conduct or omissions (or at least the "legal" requirements relating thereto). For this simple reason alone, their "expert witness opinion" testimony is inappropriate.

The expected "expert witness" testimony (i.e. "opinion" evidence) as to matters of "law"---namely, the requirements of statutes (Bankruptcy Act provisions), rules, regulations and similar "law" requirements does not conform to the contemplations of Rule 702. The Court, and only the Court, is THE EXCLUSIVE SOURCE of statements of "law" (and/or the requirements thereunder), within the courtroom and the trial of this criminal case.

Likewise, the proposed "expert witnesses"---having extensive familiarity and dealings with Defendant BRINTON as a bankruptcy "debtor" extending across years, in at least two cases, and for which the two professionals were "trustees" under/within those bankruptcy "cases", "taints" their objectivity. They are percipient witnesses to facts within those cases. The identified individuals are certainly not "expert witnesses" in the usual sense of the Rule [702]. Their "opinions" have been derived from those years-long experiences from the "cases", not some carefully controlled

4

"scientific" examination of carefully presented "facts".

For essentially related reasons, any "expert witness" designation of such persons should be withheld, so as to avoid unduly prejudicing the Defendant, by improperly influencing the jurymembers, as to the qualifications of such testifying persons.

II

MS HUNT AND MS GADD-WILLARDSON
AS "FACT" WITNESSES

The foregoing "motion in limine" only seeks restriction against the identified "expert witnesses" and their "opinion" testimony as to "law" issues, as shown herein. Such persons are, arguably, enabled to be regular "fact witnesses" as to the events, actions and omissions they may have observed.

III

MOTION IN LIMINE AGAINST
RULE 404(b) "PRIOR BAD ACTS" AND
SIMILAR "OTHER MISCONDUCT" NOT PRESENTLY CHARGED
AGAINST THE DEFENDANT

Defendant's counsel is aware the Prosecuting Attorneys may seek to introduce "into evidence" testimonial and/or documentary "evidence", arguably under Rule 404(b) of the Federal Rules of Evidence, as to statements, representations and/or information which may have been previously be given to Defendant BRINTON, as to his statutory "eligibility"---or "non-eligibility"---to bankruptcy relief (or even entitlement to file a petition therefor) under "Chapter 13" of the Bankruptcy Act. The Defendant's "eligibility" to so file is controlled by the provisions of the Act, specifically, Section 109(c) of the Act.

The Court, as noted above, is the sole, exclusive, and final

resource as to the interpretation and application of those statutory provisions, including Subsection 109(c) of the Act, to the facts in this case.

The statements, opinions, representations---even if made in good faith belief as to the accuracy thereof---made to Defendant BRINTON are, in fact and in law, irrelevant. The controlling "law"---not the former expressions of "opinion", albeit from a very knowledgeable person---comes from the statute and only the statute, for which the Court is the sole, exclusive source of its content and meaning.

There should be no "opinion" evidence or Rule 404(b) "prior bad acts" evidence allowed.

Respectfully submitted this 31st day of July, 2019.

    /s/Stephen G Homer
    STEPHEN G HOMER
    Attorney for Defendant
      RALPH DAVID BRINTON

CERTIFICATE

I certify that I caused a copy of the foregoing DEFENDANT'S MOTION IN LIMINE ["EXPERT WITNESSES" AS TO MATTERS OF "LAW" AND OTHER ISSUES] AND SUPPORTING MEMORANDUM OF LAW to be sent, by electronic transmission by e-mail to Mr Cy Castle, Assistant United States Attorney, Office of the United States Attorney, 111 South Main Street, Suite 1800, Salt Lake City, Utah 84111-1506, this 31st day of July, 2019.

    /s/Stephen G Homer