JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | UNITED STATES' REPONSE TO DEFENDANT'S MOTION IN LIMINE |
|---|---|
| Plaintiff, | |
| vs. | Case No. 2:19cr80 |
| RALPH DAVID BRINTON, | Judge Howard C. Nielson, Jr. |
| Defendants. | |

The Unites States of America, through its attorneys, Cy H. Castle and Peter Kuhn, provides this response to the Defendant's Motion in Limine ["Expert Witnessess" for "Law"] and Other Issues and Supporting Memorandum (ECF Docket No. 33) (hereinafter "Motion In Limine") and requests the court to deny the defendant's motion.

I. Introduction

The defendant's Motion in Limine is organized into two parts. The first part relates to his request of the court to precludes the United States' two bankruptcy expert witnesses from testifying about matter so law. The second part relates to his requests to preclude prior

1

back acts and other similar misconduct.

  A. Expert Witness Motion in Limine

In response to the first part of the defendant's motion, the United States has filed notices of expert witnesses for Mses Gadd-Willardson and Hunt out of an abundance of caution in the event their testimony during the trial would be consider expert testimony. They both possess expertise in the area of bankruptcy law as demonstrated by their respective resumes attached to the respective motions. *See* Notice of Chapter 7 Expert Witness (DKT 10) and Notice of Expert Witness (DKT 11).

They are witnesses in this criminal case because of the roles they played in the defendant's 2014 and 2016 bankruptcy cases and the 2017 bankruptcy case in the name of Richard Blum. Ms. Gadd-Willardson was the attorney for the Chapter 13 Trustee in defendant's 2014 and 2016 Chapter 13 cases. Ms. Hunt was appointed the Chapter 7 panel trustee after the defendant's 2016 Chapter 13 case was converted to a Chapter 7 case.

  Tami Gadd-Willardson

One of the key issues in this case is whether the defendant knew before filing his 2016 Chapter 13 case and Richard Blum's 2017 Chapter 13 case whether he was eligible to file a Chapter 13 case. It is the United States' position that the defendant in fact knew. To support, this claim, the United States intends to primarily call Ms. Tami Gadd-Willardson as a percipient witness.

It is anticipated that she will testify that on March 5, 2015, on behalf of the Chapter 13 Trustee, she filed a motion to dismiss the defendant's 2104 Chapter 13 case asserting that

he was ineligible to be in a Chapter 13 case because his mortgage debt was more than $2 million and as a result, exceeded the secured debt limits of section 109(e) of the Bankruptcy Code. She will also testify that in response to this motion, the defendant filed an objection, stating "I found out I needed to be under Chapter 11 and not a 13 because of the debt amount."

Ms. Gadd-Willardson will further testify that she participated in the defendant's Frist Meeting of Creditors in his 2014 Chapter 13 case on March 27, 2015 where he stated under oath to her, "I filed a 13 and really should have filed an 11."

She will also testify that the Frist Meeting of Creditors she identified the defendant as the person who filed Case No. 14-32784 and verified with him that he had reviewed, filed and signed the required bankruptcy documents. As to this testimony, Ms. Gadd-Willardson will be testifying as a fact witness, not an expert witness. Consequently, Rule 702 does not apply.

She will also testify that the Frist Meeting of Creditors she identified the defendant as the person who filed Case No. 14-32784 and Case No. 16-27945 and verified with him that he had reviewed, filed and signed the required bankruptcy documents. As to this testimony, Ms. Gadd-Willardson will be testifying as a fact witness, not an expert witness.

But the United States does intend to have Ms. Gadd-Willardson testify about, among other things, (1) bankruptcy terminology generally, (2) Chapter 13 terminology specifically, (3) the required bankruptcy documents, (4) the required financial disclosures, (5) the circumstances under which individuals choose to file Chapter 13 cases, (6) the duties of the Chapter 13 Trustee, (6) the duties of a Chapter 13 debtor and (7) and the importance of

Chapter 13 eligibility to place in context the importance of the defendant's acknowledgement and admission that he knew he was not eligible to file a Chapter 13 petition when he filed his 2014 Chapter 13 case.

Margaret Hunt

When it comes to Ms. Hunt, the government anticipates that she will testify about conducting the defendant's Chapter 7 Frist Meeting of Creditors in his 2016 case on and the conversation she had with him under oath about his transfer of a half interest in his home to Richard Blum and the bankruptcy filing in the name of Richard Blum. As to this testimony, Ms. Hunt will testify as a fact witness, not an expert witness.

She too will testify about (1) bankruptcy terminology generally,[1] (2) Chapter 7 terminology specifically, (3) her duties as a Chapter 7 trustee and (4) the duties of a debtor.

**II.     Applicable Law**

Federal Rule of Evidence 702 governs expert testimony and has two policy goals: (1) to promote the trier-of-fact's search for truth by helping it to understand other evidence or determine the facts in dispute; and (2) to preserve the trier-of-fact's traditional powers to decide the meaning of evidence and the credibility of witnesses. *See* C. Wright, V. Gold, 29 Federal Practice & Procedure, 6262 (1997). Pursuant to Rule 702, the trial court has a limited, but meaningful, gatekeeping role. *Id*. The Supreme Court made clear in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) that this gatekeeper function applies to all expert testimony,

---

[1] It is not the intent of the United States to have Ms. Hunt testify about bankruptcy testimony if Ms. Willardson has already testified about the subject matter.

4

not just testimony based in science.

The trial judge has broad discretion in determining whether expert testimony is admitted or excluded. *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991). The benchmark for exclusion is whether the proffered testimony will usurp the function of the jury or the court. *See e.g.*, *United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir. 1990). The proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the proposed testimony meets the pertinent admissibility requirements. *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

    A. <u>Expert Testimony Must Comply with Rule 702.</u>

The standards for admitting expert testimony are long-settled and clear. "Expert testimony is admissible if it meets the standard set forth in Rule 702 of the Federal Rules of Evidence: 'A witness who is qualified as an expert by knowledge, skill, experience, training, or education' can provide opinion testimony if:

> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)    the testimony is based on sufficient facts or data;
> (c)    the testimony is the product of reliable principles and methods; and
> (d)    the expert has reliably applied the principles and methods to the facts of the case.'"

*United States v. Vann*, 776 F.3d 746, 757 (10th Cir. 2015) (quoting Fed. R. Evid. 702). The Court must apply a two-part test to determine admissibility under this rule. *Conroy, 707 F.3d at* 1168. First, it must decide "whether the expert is qualified 'by knowledge, skill,

experience, training, or education' to render an opinion." *Nacchio*, 555 F.3d at 1234 (quoting Fed. R. Evid. 702)). Rule 702 dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject. *McDonald*, 933 F.2d at 1522. Expert testimony should not be admitted where "the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert's testimony is not beyond the ken of the average juror." *United States v. Amuso*, 21 F.3d 1251, 1263 (2nd Cir. 1994).

There is no question that Mses Gadd-Willardson and Hunt our expert witnesses when it comes to federal bankruptcy law based upon their knowledge, skills, training and experience. Ms. Gadd-Willardson is an attorney who has practiced in the area of bankruptcy since 2011. For the past 7 and 1/2 years, she has been an attorney for the Chapter 13 Trustee and has assisted with the administration of over 20,000 of Chapter 13 cases.

Ms. Hunt is an attorney who has worked in the area of bankruptcy since 1989 both as a judicial law clerk and as a lawyer. For the past 8 years, she has been a Chapter 7 Trustee in the District of Utah. Her practice has included representing both creditors and debtors as well as other trustees.

Second, the Court "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'" *Vann*, 776 F.3d at 757 (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006) (further citations omitted)). Whether the expert's testimony is reliable, the Court must assess "whether the reasoning or methodology underlying the

testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert,* 509 U.S. 592-93 (1993).

In *Daubert*, the Supreme Court identified a list of factors that trial courts may consider when determining whether proffered expert testimony is reliable under Fed. R. Evid. 702. These factors include: (1) whether the theory used can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the theory's general acceptance in the scientific community. *Id.* at 593-94. The Supreme Court has emphasized, however, that these four factors are not a "definitive checklist or test" and a court's gatekeeping inquiry into reliability must be "tied to the facts of a particular case." *Kumho Tire*, 526 U.S. at 150. Although a hearing is not mandatory, a hearing is usually required to develop a sufficient record. *United States v. Call*, 129 F.3d 1402, 1405 (10th Cir. 1997).

In some cases, "the relevant reliability concerns may focus upon personal knowledge or experience," instead of the *Daubert* factors and scientific foundation. *Kumbo Tire*, 526 U.S. at 150. The Rule 702 Advisory Committee Notes to the 2000 amendments state that "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony" and explaining that a witness relying only on experience should "explain why that experience is a sufficient basis of the opinion."

When opinion testimony is based solely on experience or training, not a scientific methodology or technique, the district court should apply the traditional Rule 702 analysis. *Kinser v. Gehl Co.*, 989 F. Supp. 1144, 1146 (D. Kan. 1997). The Rule 702 analysis "is a

flexible one" and its focus "must be solely on principles and methodology, not the conclusions that they generate." *Daubert*, 509 U.S. at 594-95.

In *Nacchio*, 555 F.3d 1234, 1241 (en banc), the Tenth Circuit explained the examination district courts are to conduct:

> In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion. *See* Fed. R. Evid. 702. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.2

*See also Vann*, 776 F.3d at 757-78 (quoting *Nacchio*). As to the reliability inquiry, the *Nacchio* en banc court further explained that "[r]eliability questions may concern the expert's data, method, or his application of the method to the data." *Nacchio*, 555 F.3d at 1241. "In making a reliability determination, '[g]enerally, the district court should focus on an expert's methodology rather than the conclusions it generates.'" *Id.* (alteration original) (quoting *Dodge v. Cotter Corp.,* 328 F.3d 1212, 1222 (10th Cir. 2003).

The purpose of the inquiry is always "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." K*umho Tire*, 526 U.S. at 152.

Pursuant to the Supreme Court's direction the Tenth Circuit has held that "expert opinions 'must be based on facts which enable [the expert] to express a reasonably

---

2 All emphasis added unless otherwise noted.

accurate conclusion as opposed to conjecture or speculation.'" *Dodge,* 328 F.3d at 1222 (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)). S*ee also General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."). "It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2002).

Applying this Supreme Court and Tenth Circuit case law a district court in this circuit has recently explained that district courts are "to consider whether the witness' conclusion represents an unfounded extrapolation from the data; whether the witness has adequately accounted for alternative explanations for the effect at issue; whether the opinion was reached for the purposes of litigation or as the result of independent studies; or whether it unduly relies on anecdotal evidence." *United States v. Chapman*, 59 F. Supp. 3d 1194, 1210 (D.N.M. 2014) (quotation marks omitted) (citing *Joiner*, 522 U.S. at 146) (emphasis).

Here, the United States' expert notices describe the bases for or the reasons behind the proffered opinions or topics of testimony. The notices explain how their experiences lead them to reach the conclusions they will offer, how that experience is reliably applied to the facts of the case and why that experience is a sufficient basis for their opinions.

The basis of Ms. Gadd-Willardson's opinions will be her review of all of the

defendant's bankruptcy documents in each of the defendant's chapter 13 cases, including the petition, supporting schedules and statement of financial affairs, and schedules, chapter 13 plan and the defendant's objections and responses filed in Cases No. 14-32784 and 16-27945. *See* Notice of Expert Witness at 5.

The reasons for Ms. Gadd-Willardson's opinions will be her knowledge of the duties of a chapter 13 trustee and a debtor in a chapter 13 proceeding, her review of the defendant's bankruptcy petitions and supporting schedules and statements of financial affairs, and chapter 13 plans, and the defendant's objections and responses in Cases No. 14-32784 and 16-27945, premised upon her extensive experience and training as an attorney for the chapter 13 bankruptcy trustee. *Id*.

Likewise, the basis of Ms. Hunt's opinions will be her review of all of the defendant's bankruptcy documents, including the Petition, supporting Schedules and Statement of Financial Affairs, and her review of the charges set forth in the Indictment, as well as her extensive experience and training as a bankruptcy trustee. Notice of Chapter 7 Expert Witness at 5.

The reasons for Ms. Hunt's opinion will be her knowledge of the duties of a trustee and a debtor in a chapter 7 proceeding, her review of the defendant's bankruptcy Petition and supporting Schedules and Statement of Financial Affairs, premised upon her extensive experience and training as an active bankruptcy trustee. *Id*.

B. Expert Testimony Must Comply with Rule 704.

Rule 704 states:

(a) **In General – Not Automatically Objectionable.** An opinion is not objectionable just because it embraces an ultimate issue.

(b) **Exception.** In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

The case law in the Tenth Circuit is clear that expert witnesses "generally. . . may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (citations omitted). An expert witness cannot expressly state "the final conclusion or inference as to a defendant's actual mental state" under Rule 704(b). *United States v. Richard*, 969 F.2d 849, 855 (10th Cir. 1992). *See also, United States v. Dunn*, 846 F.2d 761, 762 (D.C.Cir.1988) ("It is only as to the last step in the inferential process--a conclusion as to the defendant's actual mental state--that Rule 704(b) commands the expert to be silent."); *United States v. Alvarez*, 837 F.2d 1024, 1031 (11th Cir.) ("expert cannot expressly state a conclusion" as to mental state), cert. denied, 486 U.S. 1026, 108 S.Ct. 2003, 2004, 100 L.Ed.2d 234, 235 (1988); *United States v. Dotson*, 817 F.2d 1127, 1132 (5th Cir.1987) (testimony may not "directly embrace the ultimate question" of mental state); *United States v. Foster*, 939 F.2d 445, 454 (7th Cir.1991) (testimony "merely assisted the jury in coming to a conclusion as to [defendant's] mental state; it did not make that conclusion for them").

The United States does not intend to ask Mses. Gadd-Willardson or Hunt any questions

about whether they have an opinion about whether the defendant possessed the mental state to commit any of the crimes for which he has been indicted, staying clear of an ultimate fact, an ultimate question of law, or legal conclusions drawn by applying the law to the facts.

C. <u>Expert Testimony Must Advance Material Aspects of the Case</u>

As stated by the Tenth Circuit in *United States v. Garcia*, 635 F.3d 472, 476 (2011) "[r]elevant expert testimony must 'logically advance[] a material aspect of the case, *Norris*, 397 F.3d at 884 n. 2, and be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute'" *Daubert*, 509 U.S. at 591, 113 S.Ct. 2786 (quotation omitted).

It goes without saying that the subject matter of Mses Gadd-Willardson and Hunt's testimony is beyond the ken of the average juror. The potential jurors will at best have a limited knowledge and understanding about bankruptcy terms and the bankruptcy process. Their proposed testimonies will serve to educate the jurors to enhance their abilities to resolve the factual disputes in this case in the context of the defendant's bankruptcy cases. This education will assist the jury in understanding the evidence and determining issues of fact.

**III.    404(b) Motion in Limine**

As to the second part of the defendant's motion, the United States incorporates in its response all the arguments made in its Amended Notice of Intent to Introduce Intrinsic, Rule 404b) and Rule 609 Evidence. ECF Docket No. 27.

**IV.    Conclusion**

The Court should deny the defendant's Motion in Limine. The proffered testimonies

of Mses Gadd-Willardson and Hunt satisfy the requirements of Rule 702 and 704 and are therefore admissible.

The conduct that the defendant has identified in his motion as 404(b) evidence or other misconduct evidence is admissible as intrinsic evidence, Rule 404(b) evidence or Rule 609 Evidence.

Dated this 2nd day of August, 2019.

JOHN W. HUBER
United States Attorney

_/s/ Cy H. Castle_____
Cy H. Castle
Assistant U.S. Attorney
Peter Kuhn
Special Assistant U.S. Attorney