SCANNED

FILED
U.S. DISTRICT COURT

2019 SEP 26  P 3: 02

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone:  (801) 325-3285 • Facsimile:  (801) 325-3387

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RALPH DAVID BRINTON, <br><br> Defendant. | Case No. 2:19cr 80 <br><br> **S U P E R S E D I N G** <br> **I N D I C T M E N T** <br><br> Vio. 18 U.S.C. § 157, Bankruptcy Fraud (Counts 1, 7 and 8); 18 U.S.C. § 1519, False Bankruptcy Document (Counts 2, 4 and 9); 18 U.S.C. § 152(3), False Bankruptcy Declaration (Counts 3, 5 and 10); 18 U.S.C. § 371, Conspiracy (Count 6); Fraudulent Transfer and Concealment, 18 U.S.C. § 152(7) (Count 11); 18 U.S.C. § 1028A, Aggravated Identity Theft (Count 12); False Bankruptcy Oath, 18 U.S.C. § 152(2) (Count 13); and 18 U.S.C. § 2, Aiding and Abetting <br><br> Judge Howard C. Nielson |

---

The Grand Jury charges:

### The Bankruptcy Process

1.      A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and

the person who files that petition is a "debtor" under federal bankruptcy law. The process is

conducted in a federal court and is governed by the United States Bankruptcy Code, which is

found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The filing of a bankruptcy petition with the United States Bankruptcy Court automatically stays the collection activities of creditors, including the foreclosure sale of a residence. Only after a creditor obtains relief from automatic stay from the bankruptcy court can a creditor continue its collection actions against a debtor, including the foreclosure sale of a residence.

4. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." The debtor is also required to file a form called a Statement of Social Security Number containing the debtor's Social Security Number. These forms are signed by the debtor under penalty of perjury.

5. The filing of a Chapter 13 petition with the United States Bankruptcy Court provides individual debtors with regular income to reorganize and repay their debts under a repayment plan approved by the Court ("a Chapter 13 Plan"). Upon the filing of a Chapter 13

2

bankruptcy petition, a Chapter 13 Trustee is appointed to administer the bankruptcy case until the Chapter 13 Plan is completed or the bankruptcy is dismissed or converted to a Chapter 7 case. A debtor is only eligible to file a Chapter 13 petition if the debtor's unsecured debt is less than $393,175 and secured debt is less than $1,149,525.

6.      All debtors are required to attend a Section 341 Meeting of Creditors, at which time the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

Background

7.      Defendant RALPH DAVID BRINTON ("BRINTON") was a resident of Salt Lake County, Utah living with his wife at 7762 South Forest Bend Drive ("Forest Bend Property"), Salt Lake City, Utah.

8.      Co-Conspirator 2 was a resident of Salt Lake County, Utah and associated with a company known as Designer Real Estate, a foreclosure rescue company.

9.      Co-Conspirator 3 was a resident of Salt Lake County, Utah.

10.     R.G.B. was a citizen of both the United States and Canada and lived in High River, Alberta, Canada.

Brinton I Bankruptcy Case

12.     On or about November 14, 2006, defendant BRINTON purchased the Forest Bend Property. As part of the purchase, the defendant signed a promissory note in the amount of $1,500,000 secured by a Deed of Trust on the Forest Bend Property originally in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A. The

3

Note and beneficial interest in the Deed of Trust were subsequently transferred to HSBC Bank.

Specialized Loan Servicing LLC ("SLS") is the servicing agent for HSBC Bank.

13.     The defendant BRINTON defaulted under the terms of the promissory note by failing to make his monthly payment due on February 1, 2008 and any subsequent payment.

14.     Because of the default, on November 7, 2014, SLS scheduled a foreclosure sale of the Forest Bend Property for December 8, 2014.

15.     On December 5, 2014, defendant BRINTON filed a pro se Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 14-32784, to avoid the immediate foreclosure of his home (the "Brinton I Bankruptcy Case").  Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale.

16.     In response to the request by the Chapter 13 petition that he identify his estimated liabilities, defendant BRINTON stated under penalty of perjury that his estimated liabilities were not more than $1,000,000.

17.     On December 5, 2014, the defendant BRINTON also filed his Schedule A and Schedule D.  He represented in Schedules A and D he had secured debt of $898,000.

18.     On December 30, 2014, defendant BRINTON filed his Schedule F under penalty of perjury listing no unsecured debt.

19.     On February 12, 2015, SLS, as servicing agent for HSBC, filed a proof of claim in defendant BRINTON's Chapter 13 case for at least $2,000,000 with an arrearage of at least $700,000.  Defendant BRINTON did not object to this claim.

20.     On July 7, 2015, James Wulfenstein, Wulfenstein Construction, Inc., and Wade Frey (collectively "Wulfenstein") filed an unsecured proof of claim in defendant BRINTON's

Chapter 13 case for $2,505,767. 29. Defendant BRINTON failed to list Wulfenstein as an unsecured creditor on Schedule F.

21.     On March 17, 2015, in response to a motion to dismiss his case, defendant BRINTON filed an objection stating "I found out I needed to be under Chapter 11 and not a 13 because of the debt amount. So the facts that are raised to dismiss were raised at the 341 meeting on February 17."

22.     On April 4, 2015, in response to a motion for relief from the automatic stay, defendant BRINTON filed an objection stating that he "does not dispute that there is a debt obligation owed to someone" but that he disputes that "the obligation" is owed to SLS.

23.     On July 7, 2015, the defendant requested at a hearing before the bankruptcy court that his Chapter 13 case be dismissed. His case was dismissed on July 13, 2015.

Brinton II Bankruptcy Case

24.     On August 9, 2016, SLS scheduled a foreclosure sale of the Forest Bend Property for September 9, 2016.

25.     On September 8, 2016, defendant BRINTON filed a pro se Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 16-27945, to avoid the immediate foreclosure of his home (the "Brinton II Bankruptcy Case"). Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale.

26.     In response to question 20 of the Chapter 13 petition, defendant BRINTON stated under penalty of perjury that his estimated liabilities were not more than $1,000,000.

27.     On September 22, 2016, defendant BRINTON filed his Schedules of Assets and Liabilities under penalty of perjury. He represented in Schedule D – Creditors Who Have

Claims Secured by Property, he had $2,100,000 of secured debt and in Part 2 of Schedule E/F he had no creditors with unsecured claims.

28.     But on July 7, 2015, Wulfenstein had filed an unsecured proof of claim in defendant 2014 BRINTON's Chapter 13 case for $2,563,030.33.  Defendant BRINTON failed to list Wulfenstein as an unsecured creditor in Part 2 of Schedule E/F of the Brinton II bankruptcy case.

29.     On February 1, 2017, the Court, after notice and hearing, converted defendant BRINTON's case to a case under Chapter 7.

30.     On February 15, 2017, SLS, as servicing agent for HSBC, obtained relief from the automatic stay to foreclose the Forest Bend Property.

31.     On March 8, 2017, SLS scheduled a foreclosure sale for the Forest Bend Property for April 10, 2017.

32.     On April 6, 2017, defendant BRINTON filed a civil complaint in the Third District Court for the State of Utah, *Ralph D. Brinton v. Specialized Loan Servicing, LLC, et.at*, Case No. 170902244, ("State Court Case"), and obtained a temporary restraining order, stopping the foreclosure sale of the Forest Bend Property.  On April 21, 2017, the state court dissolved the temporary restraining order.

33.     The foreclosure sale of the Forest Bend Property was subsequently rescheduled for April 24, 2017.

*The Scheme to Defraud*

34.     Beginning on or before September 2016 and continuing through May 2017, defendant Brinton, devised, intended to devise, and participated in a scheme to defraud the

6

bankruptcy court, the bankruptcy trustee and his creditors through bankruptcy proceedings under 11, United States Code.

35.     It was part of the scheme that defendant filed, or caused others to file, on or about September 22, 2016, a pro se Chapter 13 petition and a Statement of Assets and Liabilities in the Brinton II Bankruptcy Case for the purpose of invoking the automatic stay and thereby hindering, delaying and obstructing the lawful foreclosure by the mortgage holder of his residence, knowing he was not eligible to file a Chapter 13 petition.

36.     After the restraining order in the State Court Case was dissolved, it was part of the scheme that defendant BRINTON transferred by Quit Claim Deed his interest in the Forest Bend property to himself and R.G.B. as tenants in common for no consideration without the knowledge of R.G.B. for the purpose of filing bankruptcy in the name of R.G.B., thereby improperly attempting to invoke the automatic stay to prevent the foreclosure sale of the Forest Bend Property.

### Brinton II Bankruptcy Case

### COUNT 1
**18 U.S.C. § 157**
**(Bankruptcy Fraud)**

37.     The grand jury incorporates by reference paragraphs 1 through 36 as if fully stated herein.

38.     On or before September 8, 2016, and continuing through May 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, for the purpose of

7

executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed in the United States Bankruptcy Court a (i) fraudulent Chapter 13 petition and (ii) Schedules of Assets and Liabilities under Title 11 in the Brinton II Bankruptcy Case, Case Number 16-27945.

All in violation of 18 U.S.C. §§ 157(1), (2) and (3) and 18 U.S.C. § 2.

### COUNT 2
### 18 U.S.C. § 1519
### (False Bankruptcy Document)

39.     The grand jury incorporates by reference paragraphs 1 through 38 as if fully stated herein.

40.     On or about September 8, 2016, in the Central Division of the District of Utah, and elsewhere,

### RALPH DAVID BRINTON,

the defendant herein, knowingly falsified a document with the intent to impede, obstruct and influence a case filed under Title 11, by filing and causing to be filed the following:

a.     A Chapter 13 petition in the *Brinton II Bankruptcy Case* in which the defendant fraudulently stated in response to Question 20 his estimated total liabilities were more than $500,000 but less than $1,000,000, when in fact the defendant knew his total liabilities were more than $1,000,000.

All in violation of 18 U.S.C. §§ 1519 and 2.

### COUNT 3
### 18 U.S.C. § 152(3)
### (False Bankruptcy Declaration)

41.     The grand jury incorporates by reference paragraphs 1 through 40 as if fully

stated herein.

42. On or about September 8, 2016, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury as permitted under section 1746 of Title 28 in and in relation to a case under Title 11, *the Brinton II Bankruptcy Case*, by filing and causing to be filed the following documents:

a. A Chapter 13 petition in the *Brinton II Bankruptcy Case* in which the defendant fraudulently stated in response to Question 20 his estimated total liabilities were more than $500,000 but less than $1,000,000, when in fact the defendant knew his total liabilities were more than $1,000,000.

All in violation of 18 U.S.C. §§ 152(3) and 2.

### COUNT 4
### 18 U.S.C. § 1519
### (False Bankruptcy Document)

43. The grand jury incorporates by reference paragraphs 1 through 42 as if fully stated herein.

44. On or about September 22, 2016, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, knowingly falsified a document with the intent to impede, obstruct and influence a case filed under Title 11, by filing and causing to be filed the following:

9

a.     A Schedule E/F in which the defendant fraudulently failed to disclose any of his nonpriority unsecured debt on Part 2 of Schedule E/F when in fact Ralph David Brinton had nonpriority unsecured debt of more than $2 million.

All in violation of 18 U.S.C. §§ 1519 and 2.

## COUNT 5
### 18 U.S.C. § 152(3)
### (False Bankruptcy Declaration)

45.     The grand jury incorporates by reference paragraphs 1 through 44 as if fully stated herein.

46.     On or about September 22, 2016, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury as permitted under section 1746 of Title 28 in and in relation to a case under Title 11, *the Brinton II Bankruptcy Case*, by filing and causing to be filed the following documents:

a.     A Schedule E/F in which the defendant fraudulently failed to disclose any of his nonpriority unsecured debt on Part 2 of Schedule E/F when in fact Ralph David Brinton had nonpriority unsecured debt of more than $2 million.

All in violation of 18 U.S.C. §§ 152(3) and 2.

/

/

/

10

## R.G.B. Bankruptcy Case

### COUNT 6
### 18 U.S.C. § 371
### (Conspiracy)

### THE CONSPIRACY

49.     The grand jury incorporates by reference paragraphs 1 through 48 as if fully stated herein.

50.     Sometime prior to April 22, 2017 through on or about May 2017, within the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

defendant herein, and others known and unknown to the grand jury, did knowingly combine, conspire, confederate, and agree together to commit one or more of the offenses against the United States, that is:

A.  Violations of 18 U.S.C. §§157 (Bankruptcy Fraud); 1519 (False Bankruptcy Document), 152(3) (False Bankruptcy Declaration), 152(7) (Fraudulent Transfer and Concealment) and 1028A (Aggravated Identity Theft)

All in violation of 18 U.S.C. § 371.

### OBJECTS OF THE CONSPIRACY

51.     The object of the conspiracy and scheme was to devise and participate in a scheme to defraud the bankruptcy court, the bankruptcy trustee and creditors through bankruptcy proceedings under 11, United States Code, by filing bankruptcy in the name of a nominee for the purpose of invoking the automatic stay to hinder, delay and obstruct the lawful foreclosure of defendant BRINTON's home by the mortgage holder.

11

## MANNER AND MEANS

52.    It was part of the conspiracy and scheme for defendant BRINTON, Co-Conspirator 2 and Co-Conspirator 3 to fraudulently recruit R.G.B. to file bankruptcy as a nominee for defendant BRINTON in the United States Bankruptcy Court for the District of Utah for the benefit of defendant BRINTON to save his Forest Bend Property from foreclosure.

53.    It was further part of the conspiracy and scheme for defendant BRINTON, Co-Conspirator 2 and Co-Conspirator 3 for defendant BRINTON to fraudulently transfer an interest in his Forest Bend Property to R.G.B. just before the bankruptcy filing so the Forest Bend Property would be property of the bankruptcy estate of R.G.B. and protected from foreclosure by the bankruptcy automatic stay.

54.    It was further part of the conspiracy and scheme for defendant BRINTON, Co-Conspirator 2 and Co-Conspirator 3 to prepare and sign, without R.G.B.'s permission and authority, R.G.B.'s name to the bankruptcy documents – Chapter 13 petition, Schedule of Assets and Liabilities, Chapter 13 plan, Statement of Social Security Number, Application to Pay Filing Fee in Installments and Certification of Counseling -- required to be filed with the bankruptcy court when filing a Chapter 13 case.

55.    It was further part of the conspiracy and scheme for defendant BRINTON, Co-Conspirator 2 and Co-Conspirator 3 to misrepresent to the bankruptcy court, chapter 13 trustee and creditors that R.G.B was eligible to file bankruptcy in the United States Bankruptcy Court for the District of Utah.

56.    It was further part of the conspiracy and scheme for defendant BRINTON, Co-Conspirator 2 and Co-Conspirator 3 to file and cause to be filed bankruptcy documents

containing materially false information about R.G.B.

57.      It was further part of the conspiracy and scheme for defendant BRINTON and Co-Conspirator 2 for Co-Conspirator 3 to fraudulently pose as R.G.B. when taking an approved credit counseling course before filing bankruptcy.

## OVERT ACTS

58.      In furtherance of this conspiracy and scheme and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both indicted and unindicted, committed, among others, the following overt acts in the District of Utah and elsewhere:

59.      Each of the acts and events set forth in paragraphs 1 through 57 of this Superseding Indictment individually constitute an overt act in furtherance of the conspiracy and scheme.

60.      Sometime prior to April 22, 2017, defendant BRINTON and Co-Conspirator 3 met R.G.B. and defendant BRINTON offered to transfer to R.G.B. an interest in the Forest Bend Property to him by Quit Claim Deed if R.G.B. would agree to make the mortgage payments because defendant BRINTON could no longer make the mortgage payments.

61.      Defendant BRINTON falsely represented to R.G.B. that the mortgage company would require his financial information and Social Security Number in order for him to take over the mortgage payments on the Forest Bend Property.  In response, R.G.B. provided his financial information to defendant BRINTON and Co-Conspirator 3.

62.      On April 22, 2017 at 8:31 a.m., defendant BRINTON texted R.G.B. telling R.G.B. that Co-Conspirator 3 needed R.G.B.'s Social Security Number to prepare the documents for the mortgage company.  In response, R.G.B. sent a picture of his Social Security Card

containing his signature to defendant BRINTON.  Defendant BRINTON told R.G.B. he would

provide the Social Security Number to Co-Conspirator 3.

63.     On April 22, 2017, Co-Conspirator 3, at the direction of defendant BRINTON,

met with R.G.B. at a construction job site in Day Break, Salt Lake City, Utah to have R.G.B.

sing documents.  R.G.B. believed he was signing documents related to taking over the mortgage

payments for the benefit of defendant BRINTON.  But instead Co-Conspirator 3 gave him a

Chapter 13 petition and a Statement of Social Security Number.

64.     On April 22, 2017 at 4:48 p.m., defendant Co-Conspirator 2 emailed defendant

BRINTON asking the following bankruptcy questions:

> 1.  Need credit report so I can see creditors.  Go to
>     www.annualcredit.report.com to download them
> 2.  Need all assets (clothes, beds, cars, tvs, kitchen table, and values for
>     each)
> 3.  Need real property owned (all homes)
> 4.  Need financial budget (income and expenses each month)
> 5.  Need all creditors not on credit report
> 6.  Helpful to see income taxes last two years

65.     On April 22, 2017 at 6:12 p.m., defendant BRINTON emailed R.G.B. the

following:

> R[  ],
>
> Here is the list of questions that . . . [Co-Conspirator 2] is going to call you
> on.  We were just going to file a preliminary bk but want to go further
> because of the attitude of the lender.  Peter will be calling you to discuss
> the questions below, he is a good man.
>
> His number is 801-671-8915 so you will recognize it.
>
> Thanks for your help.
>
> Ralph

14

66.    On or about April 24, 2017 at 8:07 a.m., defendant BRINTON recorded and caused to be recorded a Quit Claim Deed in the Salt Lake County Recorder's Office, transferring the Forest Bend Property to himself and R.G.B. as tenants in common for no consideration. R.G.B. was unaware the defendant had executed or recorded the Quit Claim Deed.

67.    On April 24, 2017 beginning at 3:32 p.m., without the authority, permission and signature of R.G.B., defendant BRINTON filed and caused to be file with the United States Bankruptcy Court in the District of Utah in the nominee name of R.G.B. the following documents:

a.    Chapter 13 petition;

b.    Schedule of Assets and Liabilities;

c.    Statement of Social Security Number;

d.    Chapter 13 plan;

e.    Application to Pay Filing Fee in Installments; and

f.    Certification of Counseling

68.    The Chapter 13 petition falsely represented that (a) R.G.B. lived at 7762 South Forest Bend Drive, Salt Lake City, Utah 84121, (b) "[o]ver the last 180 days . . . [R.G.B. had] lived in [the District of Utah] . . . longer than in any other district," and (c) R.G.B. had received credit counseling from an approved credit counseling agency within 180 days before filing bankruptcy and had received a certificate of completion.

69.    The Chapter 13 plan falsely represented that R.G.B. intended to make monthly payments under a Chapter 13 Plan to repay his creditors.

15

70.     The Application to Pay the Filing Fee in Installments falsely representing that R.G.B. needed to pay the bankruptcy filing fee in installments.

71.     The Certificate of Counseling falsely represented that R.G.B. had received credit counseling from an approved credit counseling agency within 180 days before filing bankruptcy.

72.     On May 5, 2017, after the filing of the Brinton II Bankruptcy Case, defendant BRINTON falsely testified under oath at his continued first meeting of creditors in Case No. 16-27945, that R.G.B. had agreed to file a Chapter 13 case to stop the foreclosure of the Forest Bend Property.

**COUNT 7**
**18 U.S.C. § 157**
**(Bankruptcy Fraud)**

73.     The grand jury incorporates by reference paragraphs 1 through 72 as if fully stated herein.

74.     On or before April 2017, and continuing through June 2017, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, by filing or causing to be filed the following documents without R.G.B.'s permission, authority and signature:

    a.   A Chapter 13 petition;

    b.   Schedule of Assets and Liabilities;

    c.   Chapter 13 plan;

16

    d.   Application to Pay Filing Fee in Installments;

    e.   Statement of Social Security Number; and

    f.   Certificate of Counseling.

All in violation of 18 U.S.C. §§ 157(1), (2) and (3) and 18 U.S.C. § 2.

**COUNT 8**
**18 U.S.C. § 157**
**(Bankruptcy Fraud)**

75.    The grand jury incorporates by reference paragraphs 1 through 74 as if fully stated herein.

76.    On or before April 2017, and continuing through June 2017, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, by filing or causing to be filed the following false documents:

    a.    A Chapter 13 petition in which the defendant knowingly and fraudulently stated that R.G.B. (i) lived at 7762 South Forest Bend Drive, Salt Lake City, Utah in response to Question 5, (ii) lived longer in the District of Utah over the last 180 days than in any other district in response to Question 6; (iii) had received credit counseling from an approved credit counseling agency within 180 days before filing bankruptcy in response to question 15 when in fact R.G.B. (iv) did not live at Forest Bend Drive, (v) did not live longer in the District of Utah over the last 180 days than in any other district and (vi) had not taken any credit counseling course;

17

     b.      Chapter 13 Plan falsely representing that R.G.B. intended to make payments under a Chapter 13 Plan when in fact R.G.B. never intended to make any payments under a Chapter 13 plan; and

     c.      An Application to Pay Filing Fee in Installments falsely representing that R.G.B. needed to pay the bankruptcy filing fee in installments when in fact R.G.B. had the ability to pay the filing fee when the Chapter 13 petition was filed.

All in violation of 18 U.S.C. §§ 157(1), (2) and (3) and 18 U.S.C. § 2.

## COUNT 9
### 18 U.S.C. § 1519
### (False Bankruptcy Document)

77.     The grand jury incorporates by reference paragraphs 1 through 76 as if fully stated herein.

78.     On or about April 24, 2017, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, with the intent to impede, obstruct and influence a case filed under Title 11 by filing and causing to be filed in the R.G.B Bankruptcy Case, Case Number 17-XXX52, without the permission, authority and signature of R.G.B, the following false documents:

     a.      Chapter 13 petition;

     b.      Schedule of Assets and Liabilities;

     c.      Statement of Social Security Number;

     d.      Chapter 13 Plan;

18

    e.       Application to Pay Filing Fee in Installments; and

    f.       Certificate of Counseling

All in violation of 18 U.S.C. §§ 1519 and 2.

**COUNT 10**
**18 U.S.C. § 152(3)**
**(False Bankruptcy Declaration)**

79.     The grand jury incorporates by reference paragraphs 1 through 78 as if fully stated herein.

80.     On or about April 24, 2017, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury as permitted under section 1746 of Title 28 in and in relation to a case under Title 11, *In re R.G.B.*, Case No. 17-XXX52, by filing and causing to be filed the following documents:

    a.      A Chapter 13 petition in which the defendant knowingly and fraudulently stated that R.G.B. (i) lived at 7762 South Forest Bend Drive, Salt Lake City, Utah in response to Question 5; (ii) lived longer in the District of Utah over the last 180 days than in any other district in response to Question 6; and (iii) had participated in credit counseling course from an approved credit counseling agency within 180 days before filing bankruptcy in response to Question 15.

Defendant made the foregoing declarations knowing full well the following:

    (i) R.G.B. did not live at the Forest Bend Drive address;

19

(ii) R.G.B. had not live longer in the District of Utah over the last 180 days than in any other district; and

(iii) R.G.B. had not participated in any credit counseling course from an approved credit counseling agency within 180 days before filing bankruptcy.

All in violation of 18 U.S.C. §§ 152(3) and 2.

## COUNT 11
### 18 U.S.C. § 152(7)
### (Fraudulent Transfer and Concealment)

81.     The grand jury incorporates by reference paragraphs 1 through 80 as if fully stated herein.

82.     On or about April 24, 2017, in the Central Division of the District of Utah, and elsewhere,

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, with the intent to defeat the provisions of Title 11, United States Code, did knowingly and fraudulently transfer and conceal by transferring a tenant in common interest in the Forest Bend Property by Quit Claim Deed to R.G.B.

All in violation of 18 U.S.C. § 152(7).

## COUNT 12
### 18 U.S.C. § 1028A(a)(1)
### (Aggravated Identity Theft)

83.     The grand jury incorporates by reference paragraphs 1 through 82 as if fully stated herein.

84.     On or about April 24, 2017, in the Central Division of the District of Utah,

20

**RALPH DAVID BRINTON,**

the defendant herein, and others known and unknown to the grand jury, did knowingly possess

and use, without lawful authority, a means of identification of another person during and in

relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Conspiracy in

violation of 18 U.S.C. 371 to commit Bankruptcy Fraud in violation of 18 U.S.C. § 157 and

False Bankruptcy Documents in violation of 18 U.S.C. § 1519 as set forth in Count 6;

Bankruptcy Fraud in violation of 18 U.S.C. §§ 157(1), (2), and (3) as set forth in Count 7; and

False Bankruptcy Documents in violation of 18 U.S.C. § 1519 as set forth in Count 9, knowing

that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT 13
### 18 U.S.C. § 152(2)
### (False Bankruptcy Oath)

85.     The grand jury incorporates by reference paragraphs 1 through 83 as if fully

stated herein.

86.     On or about May 4, 2017, in the Central Division of the District of Utah,

**RALPH DAVID BRINTON,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and

in relation to a case under Title 11, Case No. 16-29472, by falsely testifying under oath in a

proceeding before the case trustee at a continued meeting of creditors as underscored below:

Ralph Brinton:  Then I filed a – another bankruptcy case with a friend of mine, and put

the property in tenants in common.

\*  \*  \*  \*  \*  \*

Ms. Hunt:  And Mr. Blum filed a Chapter 13?

Ralph Brinton:  13.

Trustee:  What – you transferred an interest in the property to Mr. Blum.  What did he give you in consideration?

Ralph Brinton:  Nothing.

Ms. Hunt:  Is this the 13 filed in this -- in the District of Utah?

Ralph Brinton:  Yes.

Ms. Hunt: And what's – so you gave him a half interest in this house that you claim is worth $980,000, and he gave you nothing for that?

Ralph Brinton: That's correct.

Ms. Hunt: Why, why did he do that?

Ralph Brinton: I was trying to stop the foreclosure.

Ms. Hunt: Why did – okay. Why did he agree to do that?

Brinton: I asked him and he said he'd do it.

Defendant made the foregoing false declaration knowing full well that R.G.B. had not agreed to

/

/

/

/

/

/

/

file his own personal Chapter 13 bankruptcy case.

All in violation of 18 U.S.C. § 152(2).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney

23