IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>RALPH DAVID BRINTON,<br><br>　　　　　　　Defendant. | ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND EXCLUDE TIME FROM SPEEDY TRIAL ACT<br><br>Case No. 2:19-cr-80-HCN<br><br>Judge Howard C. Nielson |

　　　　Based upon the representations contained in the Defendant's Motion for Continuance of Scheduled Jury Trial, the Court makes the following findings:

　　　　1.　　On February 28, 2019, a grand jury returned an Indictment against the Defendant charging him with two counts of Bankruptcy Fraud in violation of 18 U.S.C. § 157(2), one count of Bankruptcy Concealment in 18 U.S.C. § 152(1), two counts of False Bankruptcy Document in violation of 18 U.S.C. § 1519, one count of Fraudulent Transfer and Concealment in violation of 18 U.S.C. § 152(7), one count of False Bankruptcy Oath in violation of 18 U.S.C. § 152(2) and one count of Aggravated Identify Theft in violation of 18 U.S.C. § 1028A(a)(1).

　　　　2.　　On March 28, 2019, the Defendant appeared before Magistrate Evelyn J. Furse for his initial appearance on the Indictment. Trial in this case was set for a three-day jury trial for May 28, 2019.

　　　　3.　　The United States made the first request to continue the trial in this case. On

3

May 16, 2019, pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) & (7), the Judge Shelby excluded the time from May 28, 2019 through August 20, 2019 from the Speedy Trial Act computations in this case.

4. As of May 2019, the government had provided the defendant with 1665 pages and five audio files of discovery in two different installments.

5. The Court found the case unusual and complex, due to the nature of the prosecution, and the potential existence of novel questions of fact and law.

6. On August 6, 2019, pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) Judge Nielson excluded the time from August 2, 2019 through October 29, 2019 from the Speedy Trial Act computations in this case for reasons stated in a sealed order.

7. As of August 6, 2019, the parties agreed that eleven days remained under the Speedy Trial Act.

8. On September 26, 2019, the grand jury returned a Superseding Indictment against the Defendant charging him with three counts of Bankruptcy Fraud in violation of 18 U.S.C. § 157(2), three counts of False Bankruptcy Document in violation of 18 U.S.C. § 1519, three counts False Bankruptcy Declaration in violation of 18 U.S.C. §152(3), one count of Conspiracy in violation of 18 U.S.C. § 371, one count of Fraudulent Transfer and Concealment in violation of 18 U.S.C. § 152(7), one count of False Bankruptcy Oath in violation of 18 U.S.C. § 152(2) and one count of Aggravated Identify Theft in violation of 18 U.S.C. § 1028A(a)(1).

9. On October 4, 2019, Defendant sought to continue the trial to allow for preparation of his defense related to the six, new substantive counts in the superseding indictment including a new charge of conspiracy.

10. On October 6, 2019, the Government responded that it did not oppose the tolling of the Speed Trial Act under the circumstances.

11. The new charges further complicate a case already designated as unusual and complex and require additional time to prepare an adequate defense.

12. The failure to exclude time from the time limits established for trial under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), would likely result in a miscarriage of justice.

13. The delay requested would serve the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial.

Based upon these findings, the Court **ORDERS**:

1. The trial scheduled for October 29, 2019 is continued until January 21, 2020.

2. Pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the time from October 29, 2019 to and including January 21, 2020 is excluded from the Speedy Trial Act computations in this case.

Dated this 9th day of October, 2019.

_____
EVELYN J. FURSE.
United States Magistrate Judge